UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FIRST PLACE BANK, | ) | CASE NO. 3:13 CV 1091 |
| | ) | |
| Plaintiff, | ) | JUDGE JAMES G. CARR |
| | ) | |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| TARA L. ATKINS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

On March 29, 2010, plaintiff First Place Bank sued defendants Tara L. Adkins, John Doe Unknown Spouse of Tara Adkins, Lucas County Treasurer and Toledo Department of Utility in the Lucas County Court of Common Pleas. *See First Bank v. Adkins, et al.*, No. CI0201003002 (filed Mar. 29, 2010)(Cook, J.) Copies of the summonses served on each defendants, dated March 30, 2010, are attached.

A Notice of Removal was filed in this Court by defendant Tara L. Adkins on May 14, 2013. In her petition for removal, Ms. Adkins states she is removing this action pursuant to 28 U.S.C. § 1446 and Federal Civil Rule 11. She states no basis for this Court's original jurisdiction.

Ms. Adkins does note she filed a pending complaint in this Court against First Place Bank

earlier this year. *See Adkins v. First Place Bank*, No. 3:13cv0223 (N.D. Ohio Jan. 2013)(Carr, J.) In its answer to her complaint in that action, First Place allegedly "denied that its regulated under the National Bank Act after declaring . . . that Federal law preempts] state law." (Notice at 1.) It is based on this alleged admission that Ms. Adkins now asserts the state court lacks jurisdiction over this action because First Place Bank filed this action in the court of common pleas "alleging it *was* acting under the auspice [sic] of the National Bank Act, 12 U.S.C. § 24."*Id.* (emphasis added).

### *Removal*

Removal jurisdiction is "scrupulously confined." *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 109 (1941). Generally, ambiguities regarding removal are strictly construed against federal jurisdiction. *See Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549-50 (6th Cir.2006). Thus,"[i]f federal [removal] jurisdiction is doubtful, a remand is necessary." *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir.1994). The party seeking removal jurisdiction bears the burden of stating facts in its notice of removal demonstrating an entitlement to removal jurisdiction. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir.1989).

The removal statute sets forth the time requirements for removal of cases to federal district courts. It provides, in pertinent part:

> The notice of removal of a civil action or proceeding *shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based*, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b)(emphasis added). Ms. Adkins never discloses on what date she received

service of state court complaint and summons, but she does attach a copy of the summons issued by First Place Bank, dated March 30, 2010. Clearly the removal of this action is untimely as it came more than three years after the Complaint was filed. Moreover, it is readily apparent Ms. Adkins's Notice of Removal was only prompted by the defendant's answer to her 3:13cv0223 complaint in 2013.

I cannot infer jurisdiction based on a defendant's answer in a separate complaint before this Court. It is the defendant's burden to establish federal jurisdiction upon removal. Here, that burden has not been satisfied with a Notice of Removal filed three years after this action was filed in the court of common pleas and no clear basis federal court jurisdiction.

### *Conclusion*

For the foregoing reasons, the Court cannot exercise subject matter jurisdiction over this action. Accordingly, Ms. Adkins's Motion to Proceed *In Forma Pauperis* is granted (Doc. No. 2) and the complaint is dismissed without prejudice and remanded back to the Lucas County Court of Common Pleas. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So ordered.

    s/ James G. Carr
James G. Carr
Sr. U.S. District Judge